IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Stanley Moss, | ) | Case No. 8:20-cv-03194-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Ashley Z. Stanley, Hutchens Law Firm, | ) | |
| Rushmore Loan Management Services, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("Report"). ECF No. 9. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report. On September 10, 2020, the Magistrate Judge issued a Report recommending that the Complaint be dismissed without leave to amend and without service of process. Plaintiff filed objections. ECF No. 13.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter the Court notes that Plaintiff is a non-prisoner who paid the full filing fee, which was recognized by the Magistrate Judge. *See* ECF No. 9 at 3. The Magistrate Judge recommends dismissal of this action because it is duplicative of a previously filed lawsuit by Plaintiff, Plaintiff failed to state a claim for relief under federal law, and the Court cannot provide the requested relief.

Upon review, the Court construes the Magistrate Judge's discussion labeled "Failure to State a Claim" as a discussion of subject matter jurisdiction, which is appropriate for initial review in a fee paid, non-prisoner case. *See Key v. US Dep't of Transp.*, C/A No. 2:01-cv-03076-DCN, ECF No. 10 (D.S.C. Dec. 7, 2001); *see also Bardes v. Magera*, C/A No. 2:08-487-PMD-RSJ, 2008 WL 2627134, at *8 (D.S.C. June 25, 2008).

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see also Nat'l*

*Fed. of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2576 (2012) (explaining that the federal government possesses only limited powers).  Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction.  *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999).  Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."  *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint."  *Pinkley, Inc.*, 191 F.3d at 399.

To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"  If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded."  *Pinkley, Inc.,*191 F.3d at 399.  Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure.  *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction.  *Id.*

A plaintiff may file a state law claim in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied.  *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).  With the exception

of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of $75,000. *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Cent. W. Va. Energy Co.*, 636 F.3d at 103. Here, it appears that Plaintiff is domiciled in South Carolina. ECF No. 1 at 4. Further, Plaintiff indicates that at least one of the defendants is also domiciled in South Carolina. *Id.* (listing a defendant's address in South Carolina)). Thus, complete diversity is lacking, and this Court has no diversity jurisdiction over this action.

If a plaintiff's complaint raises a federal question, then this Court may have subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. A federal question relates to an action "arising under the Constitution, laws, or treaties of the United States." *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (internal quotation marks and citation omitted); *see also Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 453 (4th Cir. 2012) ("[S]ubject matter jurisdiction relates to a federal court's *power* to hear a case . . . and that power is generally conferred by the basic statutory grants of subject matter jurisdiction.").

Here, Plaintiff does not state a violation of the United States Constitution or any federal law. As noted by the Magistrate Judge, Plaintiff references different sections of the Uniform Commercial Code ("UCC") throughout his Complaint.[1] However, "the UCC

---

[1] In his objections, Plaintiff agreed with the Magistrate Judge's recommendation that his Truth in Lending Act claim is barred by the statute of limitations. ECF No. 13 at 2.

is not a federal law or any other binding statutory body whatsoever; it is an aggregated statutory model, whose provisions may be codified by individual states" and does not provide a basis for this Court's jurisdiction in this action. *Wilson v. Home Builders Fin. Inc.*, C/A No. 9:11-cv-00790-CWH-BHH, 2011 WL 5024363, at *1 (D.S.C. Sept. 27, 2011), *Report adopted by* 2011 WL 5024353 (D.S.C. Oct. 20, 2011). In his objections, Plaintiff also states that he is bringing this action pursuant to 12 U.S.C. § 1813(1)(1). ECF No. 13 at 3. 12 U.S.C. § 1813 provides a list of definitions for use in Chapter 16 of the Code and is not in itself a substantive source of rights. Accordingly, the Court lacks jurisdiction over Plaintiff's claims.

The Magistrate Judge further recommends declining to exercise supplemental jurisdiction over Plaintiff's state law claims. In making its determination, the Court has considered "convenience and fairness to the parties, the existence of underlying issues of federal policies, comity, and considerations of judicial economy." *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). The Court finds that there are no remaining underlying issues of federal policy and judicial economy will not be served by keeping this action in federal court. Accordingly, the Court adopts the recommendation of the Magistrate Judge and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3)–(4).

## CONCLUSION

Accordingly, the Court adopts the Report of the Magistrate Judge with respect to her discussion of subject matter jurisdiction and supplemental jurisdiction; the Court

specifically declines to consider the remainder of the Report.  This action is **DISMISSED** without prejudice and without issuance of service of process.[2]


IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

October 16, 2020
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] The Court agrees with the Magistrate Judge's analysis that leave to amend would be futile in this action.  *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015); *see also Bing v. Brivo Sys., LLC*, ___F.3d___, 2020 WL 2530832, at *1–7 (4th Cir. May 19, 2020).

6